USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/30/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

                                Plaintiff,

-against-

JOHN DOE, subscriber assigned IP address 65.78.9.222,

                                Defendant.

1:18-cv-11329 (PGG) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

On January 28, 2019, Plaintiff Strike 3 Holdings, LLC, filed a motion, *ex parte*, for leave to file a third-party subpoena on Defendant John Doe's Internet Service Provider ("ISP"), RCN Telecom Services LLC, in advance of the conference mandated by Rule 26(f) of the Federal Rules of Civil Procedure. (ECF No. 8.) Through the third-party subpoena, Plaintiff seeks to identify the name and address associated with an identified Internet Protocol ("IP") address that Plaintiff alleges was used to infringe its copyrights. (Pl.'s Mem. of Law, ECF No. 9, at 2.)

This Court, as well as many other judges in this District have already addressed the issues raised in Plaintiff's motion at length in other similar cases brought by Plaintiff. *See, e.g.*, *Strike 3 Holdings, LLC v. John Doe*, No. 17-CV-07343 (LLS), ECF No. 9 (S.D.N.Y. Oct. 5, 2017); *Strike 3 Holdings, LLC v. John Doe*, 17-CV-07348 (GBD) (GWG), ECF No. 11 (S.D.N.Y. Oct. 23, 2017); *Strike 3 Holdings, LLC v. John Doe*, 17-CV-08948 (AJN), ECF No. 10 (S.D.N.Y. Dec. 5, 2017); *Strike 3 Holdings, LLC v. John Doe*, 17-CV-09659 (VEC), ECF No. 8 (S.D.N.Y. Dec. 27, 2017). For the same reasons stated in these opinions, the Court finds that Plaintiff has established good cause to serve a third-party subpoena on Defendant's ISP and to do so prior to a Rule 26(f) conference.

In particular, the Court finds that (1) Strike 3 has made out a *prima facie* claim of copyright infringement, (2) Plaintiff seeks limited and specific facts, namely the true name and permanent address of John Doe, (3) Plaintiff appears to have no alternative means of obtaining the identity of the alleged infringer, and (4) the information Plaintiff seeks is necessary to advance its claim. *See Arista Records, LLC v. Doe 3*, 604 F.3d 100, aa9 (2d Cir. 2010) (identifying "principal factors" for District Courts to consider when determining whether expedited discovery is appropriate).

The Court also finds, however, that there are substantial concerns related to Defendant's privacy given the nature of the copyrighted material at issue and the risk of a false identification by Defendant's ISP. *See id.* (identifying privacy as a principal factor to consider); *see also Malibu Media, LLC v. Does 1-4*, No. 12-CV-2955 (PAE), 2012 WL 3104887, at *3 (S.D.N.Y. July 31, 2012) (noting the risks of a "false positive" identification and the resulting undue annoyance or embarrassment to a non-culpable party). Thus, the Court grants Plaintiff's Motion, subject to the provisions below.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.	The Defendant may proceed anonymously as John Doe in this action unless and until the Court orders otherwise.

2.	Within 14 days of the date of this Order, Plaintiff may serve a Rule 45 subpoena on the ISP seeking *only* the name and address of the Defendant to whom the ISP assigned the IP address set forth in the Complaint in this action. Plaintiff is *not* permitted to subpoena the Defendant's telephone number or email address. The subpoena shall attach a copy of this Order, along with the attached "Notice to Defendant." Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any ISP that is identified in response to a subpoena as a provider of internet services to the Defendant.

3.	The ISP shall have 60 days from the date of service of the Rule 45 subpoena and this

Order upon it to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the attached "Notice to Defendant." The ISP may serve Defendant using any reasonable means, such as written notice to a last known address, transmitted either by first-class mail or via overnight service.

4. Defendant shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motion with this Court contesting the subpoena (including a motion to quash or to modify the subpoena). **The ISP may *not* turn over Defendant's information to Plaintiff prior to the close of this 60-day period.** Additionally, if Defendant or the ISP files a motion to quash the subpoena, the ISP may not turn over any information to Plaintiff until the issue has been resolved and the Court has issued an order instructing the ISP to resume in turning over the requested discovery.

5. If that 60-day period closes without Defendant or the ISP contesting the subpoena, the ISP shall then have 10 days to produce the information responsive to the subpoena to Plaintiff. If Defendant moves to quash or to modify the subpoena, he or she shall, at the same time as his or her filing, notify the ISP so the ISP is on notice not to release Defendant's information to Plaintiff until the Court rules on any such motion.

6. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

7. An ISP that receives a subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

8. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena

may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its Complaint.

**SO ORDERED.**

DATED:	New York, New York
	January 30, 2019

_____
STEWART D. AARON
United States Magistrate Judge

4

**NOTICE TO DEFENDANT**

1.  You are the defendant in *Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP address 65.78.9.222*, 18-CV-11329 (PGG) (SDA), a case now pending before the Honorable Paul G. Gardephe, United States District Judge for the Southern District of New York, and referred for General Pretrial (including scheduling, discovery, non-dispositive pretrial motions, and settlement) to the Honorable Stewart D. Aaron, United States Magistrate Judge.

2.  Attached is Judge Aaron's Order, which sets forth certain deadlines and procedures related to this case.

3.  The Plaintiff in this case, Strike 3 Holdings, LLC, claims that you have illegally downloaded and/or distributed certain copyrighted films on your computer.

4.  The Plaintiff does not know your actual name or address, but it does claim to know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading or distributing.

5.  The Plaintiff has filed a subpoena requesting your identity and address from your Internet Service Provider ("ISP"), RCN Telecom Services LLC.

6.  You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se,* all communications with the Court should be through the Pro Se Office of the United States District Court for the Southern District of New York. The Pro Se Office is located in Room 200 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

7.  If you do not want your ISP to provide this information to the Plaintiff and you

believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within **60 days** of the date that you receive this Notice. If you choose to proceed *pro se,* your motion to quash or modify the subpoena should be mailed to the Pro Se Office at the address listed in paragraph 6. You must also send a copy to your ISP to inform it of your court action so that the ISP will not disclose your information to the Plaintiff until the Court has ruled on your motion.

8.  If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the Plaintiff, you may proceed anonymously. Nevertheless, if you are representing yourself, you must complete the attached "Confidential John/Jane Doe Contact Information" form (Exhibit A hereto) and submit it to the Pro Se Office. The Court must have this information so that it may communicate with you regarding the case. This information is solely for use by the Court and the form will not be provided to the Plaintiff or the public.

9.  If you do not file a letter that seeks to quash or modify the subpoena, Strike 3 Holdings, LLC will obtain your name and address from your ISP and will then serve the Complaint on you.  However, you may still ask to proceed anonymously in the case at this time. This means that the Court and the Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10.  If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should submit a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se,* your letter should be mailed to the Pro Se Office, as described in paragraph 6. This must be done within **60 days** of the date that you receive this Notice. You should identify yourself in your letter by the case in which

you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.